UNITED STATES DISTRICT
COURT DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | CASE No. 23-cr-121-JMC |
| | ) | |
| BRENNAN CLINE MACHACEK | ) | DEFENDANT |

### SENTENCING MEMORANDUM ON BEHALF OF MR. MACHACEK

Mr. Machacek, by and through counsel, Justin Eisele of the Seddiq Law Firm, respectfully submits this sentencing memorandum. He requests that the Court sentence him to probation, community service, $500 restitution, and a $10 special assessment. He does not presume that he is entitled to probation. He merely argues that the 3553(a) factors, as applied to his case, support an imposition of a probationary sentence.

In support of this request, he states the following:

**Introduction.**

Since the day he retained counsel, Brennen Machacek admitted his wrongdoing and has wanted to do nothing more than take responsibility for his actions on January 6, 2021. On May 4, 2023, Mr. Machacek pled guilty to one count of 40 U.S.C. § 5104(e)(2)(G). He admitted to parading, demonstrating, and picketing in the Capital Building without permission.

As his wife mentions in a letter to the Court, Mr. Machacek has been remorseful since this happened. The federal courts in DC have sentenced a wide range of defendants related to January 6. Many begrudgingly admit they were wrong, only to come out to social media or newspapers and say something completely different.

Not Mr. Machacek; he accepts responsibility and recognizes his wrongdoing.

**Nature and Circumstances of the Offense.**

Any criminal activity is serious, but this offense must be taken in the context of the entire

gamut of offenses under the federal code. Mr. Machacek pled guilty to a Class B misdemeanor with a maximum sentence of six months. Unfortunately, labeling this offense "serious" in the context of federal criminal offenses minimizes federal felony offenses that sometimes offer 10, 20, or even life sentences. That being said, Mr. Machacek accepts full responsibility for the offense he pled guilty to and understands that there are consequences for his unlawful behavior.

The Government mentions several factors that are aggravating in this case. One of which includes "Machacek's obvious knowledge of wrongdoing." Defense counsel argues that this is not an aggravating factor but merely a required factor for criminal intent to commit a crime.

Mr. Machacek did not harm any persons or ever attack any officers on January 6, 2021. He entered the Capitol that day. That was a choice. But, he would have never himself harmed a police officer. Mr. Machacek must be sentenced for the conduct related to the offense of his conviction.

**History and Characteristics of Mr. Machacek.**

Mr. Machacek is not just a military veteran who served in the Marine Corp. Mr. Machacek is 100% service-connected disabled due to the following serious injuries he suffered while serving his country:

> traumatic brain injury, left wrist strain, lumbar spine disc degeneration with strain, tinnitus, left and right knee patellofemoral syndrome, right and left ankle strain, right and left hip strain, bilateral metatarsalgia, right and left shoulder strain, visual field defect OU and convergence insufficiency, cervical spine strain, and post-traumatic stress disorder, major depressive disorder, and anxiety disorder not otherwise specified.

PSR ¶ 39.

He suffered these injuries from explosive concussions during active duty. *Id*. at ¶ 38. The Department of Veteran Affairs has been historically immorally underfunded. Veterans return from combat broken both mentally and physically. The public is aware that we do not do everything we can to assist injured veterans. Because everyday citizens support veterans and their plight, special

courts have been established across the country to address criminal offenses committed by veterans.[1] Mr. Machacek suffered for three years with dizziness, illness, and impaired vision before he received the help he needed. *Id*. He has avoided what most veterans have succumbed to with such injuries: severe drug dependency. Statistics show that opioid misuse among veterans aged 18-25 has ranged as high as 10% over the past several years.[2]

After his service, he suffered from suicidal ideation from the constant pain but said he would have never acted on the thoughts based on his religious convictions. *Id*. at ¶ 40. Mr. Machacek served for four years and was given an honorable discharge in 2014, achieving the rank of Corporal. He received the following decorations, badgers, citations, and campaign ribbons:

> Navy Unit Commendation; Marine Corps Good Conduct Medal; National Defense Service Medal; Afghanistan Campaign Medal (W/1 Star); Global War on Terrorism Service Medal; Sea Service Deployment Ribbon; NATO Medal-ISAF Afghanistan; and the Expert Rifle Qualification Badge (002).

*Id*. at ¶ 46.

Mr. Machacek has no prior convictions, not even a misdemeanor. This speaks to the nature of his character and what true aberration this event was in his life. The letters submitted with this memorandum show a man deeply committed to family, decency, and hard work. Despite debilitating physical conditions after his service, he worked through school and has maintained excellent employment.

In the PSR interview, Mr. Machacek describes his childhood and family background. He asks that the Court consider this information before fashioning a fair and just sentence.

The Government asks that this Court focus on the "actions on January 6, 2021." Respectfully, that would be in contradiction to 3553(a). The Court must assess all factors for a just

---

[1] https://obamawhitehouse.archives.gov/ondcp/ondcp-fact-sheets/veterans-treatment-courts
[2] Available at: https://www.samhsa.gov/data/sites/default/files/reports/rpt31103/2019NSDUH-Veteran/Veterans%202019%20NSDUH.pdf

punishment tailored to Mr. Machacek's circumstances and offense.

**Need for Unwarranted Sentencing Disparities.**

This Court is aware of the 100s of sentences handed down in the January 6 cases. The Government mentions two cases to support their argument for 30 days in jail. Mr. Machacek notes several meaningful distinctions from those cases. In addition, it should be pointed out from the widely accessible sentencing table that numerous people have been given probationary sentences.

**Galloway, 1:22-cr-00012-CRC**. The Government sentencing memo at ECF#31 noted that:

> -Galloway lied to the police and told them he did not enter the Capitol.
> - He told the police his actions were "beautiful" and that any agitators at the Capitol were Antifa.
> - Galloway, even after the riot, followed the communications of the Proud Boys, whose leadership has been convicted of severe offenses since then.
> - Galloway had a criminal history, including petty theft and DUI.

**Fassell, 1:21-cr-00692-CKK**. In their sentencing memorandum (ECF#71), noted that:

> - Fassell yelled "This is my house! Go get Biden! Get Hilary! Get Pelosi! Bring them out! Bring them out!"
> - After she returned to Florida, Fassell showed her recorded videos to friends and bragged about her involvement.
> - Fassell was interviewed by the Tampa Bay Times and lied and said they were invited into the Capitol by a police officer.
> - Fassell had a prior conviction for driving while impaired which she was eventually sentenced to 60 days on because of a probation violation.

Mr. Machacek has no criminal history, which differs from these two offenders. There is no evidence he bragged about his conduct after the offense. He didn't lie to the FBI, and not only did he serve his country, but he also permanently broke his body while doing so.

**Types of Sentences Available**

After the recent decision in *Little,* this Court may not impose a jail sentence along with probation in a petty offense case. *United States v. Little*, No. 22-3018, decided August 18, 2023.[3]

---

[3] Available at
https://www.cadc.uscourts.gov/internet/opinions.nsf/35FC611602354F8D85258A0F00514CA2/$file/22-3018-

If granted, the Government's requested sentence would violate recent case law. Mr. Machacek submits that the benefits of probation would far outweigh a 30-day jail sentence.

Supervised probation would allow continued monitoring of Mr. Machacek to ensure his compliance with lawful probation conditions and that he is true to his word that this conduct was indeed an aberration.

**Need to Protect the Public from Further Crimes of the Defendant**

As stated above, Mr. Machacek has no prior criminal history. He has shown sincere remorse since he committed this offense. He has not shared anything publicly or to family and friends to suggest that he believes in the vast conspiracy theories expounded by others who have been sentenced for the January 6 offenses.

He has also shown that he can thrive on supervision. He has been monitored by pretrial supervision for several months now with no break in employment, no new arrests, and no violations of his conditions.  Mr. Machacek feels extreme guilt and shame over his actions. His wife notes that his stress level has been extremely high and his weight has fluctuated greatly during the pendency of this case. The sincere recognition of his wrong deeds, coupled with his other character traits, indicate that there is no need to protect the public from future crimes of Mr. Machacek.

**The Need for the Sentence to Afford Adequate Deterrence.**

For a person who has never been arrested in his life, being convicted of a misdemeanor alone is a severe consequence. It comes with the shame of a conviction, and in this case, widespread media attention to himself and his family.

This is in no way meant to minimize Mr. Machacek's conduct, but he must be sentenced

---

2013127.pdf

for what he did, and who he is. Since 3553(a) requires a sentence "sufficient, but not greater than necessary" a probationary sentence is appropriate in this case.

**Conclusion.**

Mr. Machacek apologizes for his criminal behavior on January 6, and humbly requests that he be sentenced to a period of probation, community service, restitution, and mandatory court costs.

Respectfully submitted,

/s/ Justin Eisele
Justin Eisele
PO BOX 1127
Rockville, MD 20850
PH: 301.513.7832 FX: 443.588.0400
justin.eisele@seddiqlaw.com
